NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| THOMAS BRIAN BARTON, | ) | |
| | ) | Supreme Court No. S-16448 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-15-08232 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JESSICA JOYCE MEANS, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1658 – December 6, 2017 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Herbert A. Viergutz, Anchorage, for Appellant. Brian Heady, Law Offices of Dattan Scott Dattan, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.    INTRODUCTION

A father sought to enforce a Texas child support order against a mother living in Alaska, arguing that she owed him thousands of dollars in unpaid child support and medical support. The superior court denied his request. He appeals, arguing that the court's denial amounted to a retroactive modification of the Texas order, and that the court incorrectly calculated child support. We vacate the superior court's order and remand so that the parties can address their medical support obligations under Texas law,

---

\*      Entered under Alaska Appellate Rule 214.

and the superior court can clarify its findings with regard to the parties' respective child support obligations.

## II.    FACTS AND PROCEEDINGS

In November 2012 the district court in Chambers County, Texas issued a "Final Decree of Divorce" for Thomas Barton and Jessica Means. Thomas and Jessica were named "joint managing conservators" of their daughter, with Thomas given the "exclusive right to determine the domicile of the child."[1] The court ordered that Jessica pay to Thomas child support in the amount of $250 due on December 1, 2012, and like payments thereafter on the first day of each month and continuing thereafter until their daughter turned eighteen or specific circumstances outlined in the order occurred, none of which are at issue in this appeal.

The court also ordered that Jessica "shall, at all times provided [sic] medical support for the child as additional child support." The court elaborated:

> The Court finds that at the time the decree is entered that [Thomas] has the child covered by insurance at a cost of $400.00 per month for the child only. IT IS ORDERED that [Jessica] is ORDERED to reimburse [Thomas] the amount of $400.00 per month commencing on December 15, 2012 and thereafter on the 15th day of each month until further order of the court.

---

[1]    Alaska does not employ this terminology. The term "joint managing conservatorship" is defined under Texas law as "the sharing of the rights and duties of a parent by two parties, ordinarily the parents, even if the exclusive right to make certain decisions may be awarded to one party." TEX. FAM. CODE ANN. § 101.016 (West 2017). When a court orders a joint managing conservatorship, it must designate the conservator with "the exclusive right to determine the primary residence of the child." TEX. FAM. CODE ANN. § 153.134. Under Alaska law, a parent with the right to determine domicile is the equivalent of a parent with physical custody. *See Wilsonoff v. Wilsonoff*, 524 P.2d 1264, 1266 n. 7 (Alaska 1973).

In July 2015 Jessica filed a "Complaint for Custody" of their child in Anchorage.[2] She stated that she had lived in Valdez since January 2012 and that Thomas had sent the child to live with her in March 2015. In August 2015 the superior court entered an order approving an agreement between the parties that awarded Jessica "sole physical and legal custody" over their daughter.

Approximately one month later Thomas filed a "notice of filing child support information," claiming that Jessica owed him $17,453.98 under the Texas order: $4,653.98 for unpaid child support and $12,800 for unpaid medical support through July 2015. Jessica filed a "response" to his notice. She alleged that Texas had continued to garnish her wages after she assumed custody of their daughter in March 2015. Jessica asked that the superior court order Thomas to immediately notify the Texas child support authorities of the change in custody. She also argued that Thomas was not entitled to medical support because he had never proven that he had purchased medical insurance for their child.

After the superior court scheduled a hearing, Thomas belatedly replied to Jessica's response, arguing the superior court did not have jurisdiction "to alter the Texas decree retroactively." Following the hearing at which the parties disputed whether

---

[2] At the time of filing, the child was temporarily staying in a rehabilitation facility in Colorado after she was severely injured in a May 2015 accident. Along with her complaint for custody, Jessica filed petitions for emergency jurisdiction over the child in both Colorado and Alaska. A Colorado court exercised temporary emergency jurisdiction over the child in mid-July. The parties then agreed for Alaska to assume jurisdiction in August. Under AS 25.30.230, Alaska may modify an out-of-state custody determination if Alaska would have jurisdiction to make an initial custody determination and neither the parents nor the child involved in the matter still reside in the state that issued the original order. Alaska had jurisdiction as neither parent nor the child lived in Texas at the time of the custody modification, and Alaska would have had jurisdiction to make the initial custody determination under AS 25.30.300(a)(2).

Thomas had obtained medical insurance for their daughter, the court entered a child support order that set out Thomas's obligations from March 2015 onward, but did not address Thomas's request for an offset for Jessica's alleged arrears.

Thomas then moved for an "offset calculation," asking the court to address each party's obligation regarding unpaid child and medical support. He attached a chart purporting to set out each party's respective obligations. Jessica disputed those amounts and again claimed that Thomas was still collecting child support from her through the Texas authorities. She again argued that there was no proof that Thomas had actually provided medical insurance coverage for their daughter and therefore no proof that she owed any "reimbursement" for such coverage.

The court ordered Thomas "to instruct Texas authorities to immediately stop collection of child support from [Jessica]" and denied his motion for offset calculation "for the reasons set forth in [Jessica's] . . . opposition."

Thomas appeals.

## III. DISCUSSION

### A. We Remand To Allow Application Of Texas Law To The Reimbursement Provision And For The Superior Court To Make An Adequate Factual Record.

Thomas argues that he provided sufficient proof to the superior court that he purchased medical insurance for their daughter while the Texas support order was in effect and that the terms of the Texas support order required Jessica to pay him $400 per month for reimbursement. He argues that denying his request for an "offset" of the amount that she had failed to pay was a retroactive modification of the original order, which is forbidden by Alaska Civil Rule 90.3(h).[3] Jessica responds that the Texas order

---

[3] Alaska R. Civ. P. 90.3(h)(2) ("Child support arrearage may not be modified (continued...)

required only that she "reimburse" Thomas for his actual expenditures, and that the superior court was correct in finding that Thomas had failed to prove that he expended anything.

Alaska courts must "recognize and enforce" the valid child support orders of other states.[4] They may modify such orders only if certain jurisdictional requirements are met.[5] But both Alaska's Rules of Civil Procedure and federal law prevent courts from retroactively modifying arrears owed under out-of-state orders.[6]

Alaska and federal law require courts to interpret child support orders according to the law of the issuing state.[7] Alaska Statute 25.25.604(a) specifically requires that courts apply the law of "the issuing state" when determining "computation and payment of arrearages" and "the existence and satisfaction of other obligations under the support order." Because a Texas court issued the child support order here, Texas law governs its interpretation.

Neither Thomas nor Jessica has argued or even referred to Texas law governing the interpretation of the Texas child support order. The superior court's order likewise does not appear to rely upon Texas law. And because the court's order merely

---

[3]    (...continued)
retroactively, except as allowed by AS 25.27.166(d)."). AS 25.27.166(d) provides for retroactive modification of arrearage when paternity is disestablished.

[4]    AS 25.30.410(a).

[5]    *See* AS 25.25.611, .613.

[6]    *See Fernandez v. Fernandez*, 358 P.3d 562, 570 (Alaska 2015) (citing 42 U.S.C. § 666(a)(9)(C)(2012); Alaska R. Civ. P. 90.3(h)(2)).

[7]    *See* AS 25.25.604(a); 28 U.S.C. § 1738B(h)(2); *Hussein-Scott v. Scott*, 298 P.3d 179, 182 (Alaska 2013) (applying AS 25.25.604 to analyze a Florida marital settlement agreement).

denied Thomas's motion "for the reasons set forth in [Jessica's] . . . opposition" without further written findings, we are unable to review any factual findings regarding the sufficiency of Thomas's proof that he provided the insurance. We therefore vacate the superior court's order and remand this case for interpretation of the medical insurance reimbursement provision of the Texas support order under Texas law and for the superior court to make findings of fact to support its decision.

**B.     We Remand To Clarify The Superior Court's Resolution Of The Parties' Other Support Obligations.**

Thomas also contends that Jessica failed to pay $250 per month in child support, amounting to additional arrears of $3,403.98. Jessica disagrees and claims that she paid child support from July 2014 through August 2016, when the superior court ordered Thomas "to inform the State of Texas to cease collecting child support from [Jessica]." The court denied this requested offset as well.

We are unable to determine the basis for the superior court's denial. "A trial court has a duty to enter findings adequate for rational appellate review when it sets a child support obligation."[8] The court's order stated only that it denied Thomas's motion "for the reasons set forth in [Jessica's] . . . opposition." But we are unable to glean a clear account of the parties' respective child support obligations from that document, the parties' briefs, or elsewhere in the record. Because "any attempt to review the court's decision . . . would be mere guesswork," we remand this matter to the

---

[8]     *O'Connell v. Christenson*, 75 P.3d 1037, 1040 (Alaska 2003) (citations omitted).

superior court for specific findings related to Thomas's and Jessica's respective child support obligations.[9]

## IV.   CONCLUSION

We VACATE the superior court's order denying Thomas's motion and REMAND this matter to the superior court for application of Texas law to the medical support question.   We also REMAND for clarification of the basis for the superior court's findings regarding each party's respective child support obligation.

---

[9]      *Bird v. Starkey*, 914 P.2d 1246, 1249 (Alaska 1996).